**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN DOE,[1]
                    Appellant,

          v.

DEPARTMENT OF COMMERCE,
                    Agency.

DOCKET NUMBER
DC-0752-23-0271-I-1

DATE:  February 26, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Peter Broida, Esquire, Arlington, Virginia, for the appellant.

William Horrigan, Esquire, and Josh Hildreth, Esquire, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled.  The appellant does not dispute the dismissal of

---

[1] The Board finds it appropriate to grant the appellant's request for anonymity in this matter.  Accordingly, this matter has been recaptioned as "John Doe."  Additionally, the initial decision in this matter has been recaptioned as "John Doe."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

her appeal as settled; instead, she challenges the administrative judge's decision to deny her request to recaption the appeal to provide John Doe status. Petition for Review (PFR) File, Tab 1. For the reasons we discuss below, we GRANT the appellant's petition for review and allow the appellant to proceed anonymously in John Doe status. Except with respect to the granting of anonymity, the initial decision is otherwise AFFIRMED, and the appeal remains dismissed as settled.

The relevant facts are as follows. The agency terminated the appellant from her position as a GS-13 Marketing and Communications Specialist during what it believed was her probationary period. Initial Appeal File (IAF), Tab 1 at 10, Tab 26 at 10. However, the appellant had more than 2 years of continuous service based on her prior Federal service, and therefore, at the time of her termination, she was an "employee" under chapter 75 and was entitled to notice and an opportunity to respond to her proposed termination, which she had not been provided. IAF, Tab 1 at 6, 11-21, Tab 5 at 1-2. The agency conceded as much was true, canceled the appellant's termination, and reinstated her to her position while her Board appeal was pending. IAF, Tab 26 at 6, 15-17.

The parties then engaged in settlement efforts and produced an executed settlement agreement which, among other things, included a provision that the parties would file a consent motion to recaption the appeal to John Doe status. IAF, Tab 41 at 5. The appellant filed this joint motion to recaption the appeal, arguing that John Doe status was warranted given the public and searchable nature of Board initial decisions, the unique spelling of her name, and the fact that her Board appeal was docketed with the 0752 docket number, suggesting an adverse action had occurred, and so the use of her real, non-pseudonymous name could "compromise [her] future employment prospects by reference in the Board's record of her name in an otherwise unexplained adverse action proceeding." IAF, Tab 40 at 1-2. The administrative judge issued an order denying the motion to recaption the appeal, IAF, Tab 42, and then issued an

initial decision dismissing the appeal as settled, IAF, Tab 43, Initial Decision (ID).

On review, the appellant argues that the administrative judge erred in denying her request to recaption her appeal. The Board has not adopted a rigid, mechanical test for determining whether to grant anonymity but instead applies certain general principles and considers several factors in making such determinations. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 10 (2007). Here, we find several factors weigh in favor of granting the appellant's request for John Doe status. First, we are strongly persuaded by the fact that this appeal was the result of agency error, and the parties included in a negotiated settlement agreement a provision to file a consent motion requesting John Doe status. Additionally, we are persuaded by the fact that the appellant, who has a unique name, works as a Marketing and Communications Specialist, and there is a stronger risk of reputational harm in that occupation. Accordingly, for these reasons, we find it appropriate to allow the appellant to proceed anonymously and grant the appellant John Doe status. The initial decision, dismissing the appeal as settled, is otherwise affirmed.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.